# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATA NIGIEMATULINA,<br><br>                       Petitioner,<br><br>  v.<br><br>WARDEN OF OTAY MESA DETENTION CENTER, *et al.*,<br><br>                       Respondents. | Case No. 25-cv-02933-BAS-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST FOR APPOINTMENT OF COUNSEL (ECF No. 9); AND**<br><br>**(2) DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 (ECF No. 1)** |

      Petitioner Renata Nigiematulina filed this case pro se seeking release from immigration custody pending her removal. (ECF No. 1.) The Government responded. (ECF No. 7.) The Court also referred the matter to Federal Defenders of San Diego, Inc. for an evaluation regarding appointment of counsel. (ECF No. 4.) Federal Defenders filed a Status Report requesting appointment of counsel (ECF No. 9), as well as a Traverse on behalf of Petitioner (ECF No. 1). For the reasons stated below, the Court **GRANTS** the request for appointment of counsel and **DENIES WITHOUT PREJUDICE** the Petition.

1      Initially, under 18 U.S.C. § 3006A(a)(2), the court may appoint counsel for
2 financially eligible habeas petitioners when "the interests of justice so require." *See*
3 *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181–82 (9th Cir. 1990). Petitioner's declaration
4 filed with the Traverse confirms that she is financially eligible. (*See* ECF No. 10-1.) The
5 Court finds the interests of justice support appointment here and grants the request to
6 appoint counsel. *See Terrovona*, 912 F.2d at 1181–82; *see also Weygandt v. Look*, 718
7 F.2d 952, 954 (9th Cir. 1983).

8      Turning to the Petition, although Ms. Nigiematulina has been detained since
9 November 2024, her order of removal was issued on June 20, 2025. The Supreme Court
10 has deemed a six-month period of post-removal detention as a "presumptively reasonable
11 period of detention" while the United States seeks removal. *Zadvydas v. Davis*, 533 U.S.
12 678, 683 (2001). Since it has not been six months since Ms. Nigiematulina was ordered
13 removed, and because the United States has been contacting other countries during that
14 time frame for possible removal, the Court finds that Ms. Nigiematulina's Petition is
15 premature. Therefore, the Court denies without prejudice her claim seeking release from
16 custody. *See id.* at 683.

17      To the extent Petitioner seeks an order regarding inadequate medical care, this is not
18 a proper claim brought in a habeas petition. A habeas petition is available only to one
19 claiming she is in custody "in violation of the Constitution or laws or treaties of the United
20 States." 28 U.S.C. § 2241(c). Therefore, Petitioner's claims of inadequate medical care
21 must also be dismissed. *See, e.g.*, *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016)
22 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.").

23      In light of the foregoing, the Court **GRANTS** the request for appointment of counsel.
24 (ECF No. 9.) The Court also **DENIES WITHOUT PREJUDICE** the Petition. (ECF No.
25 1.) The Clerk of Court is ordered to close the case.
26      **IT IS SO ORDERED.**

28 **DATED: November 18, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court